IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EUGENE SEABROOKS,<br><br>                Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | HONORABLE WILLIAM H. WALLS<br><br>Civil Action<br>No. 15-6972 (WHW)<br><br>**OPINION** |

APPEARANCES:

Eugene Seabrooks, Petitioner pro se
#437851-635381 B
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

**WALLS, Senior District Judge:**

**I.    INTRODUCTION**

    This matter comes before the Court on the motion by Eugene Seabrooks[1] to vacate, set aside, or correct his federal sentence. For the reasons expressed below, this Court will dismiss the petition for lack of jurisdiction, and no certificate of appealability shall issue.

---

[1] Petitioner's last name has been spelled in previous proceedings as "Seabrookes." The Court will use the spelling used in the petition for consistency.

## II.  BACKGROUND

A federal grand jury indicted Petitioner and five other defendants for conspiracy to distribute more than 50 grams of cocaine base in violation of 18 U.S.C. §§ 841(a)(1), 846. Petitioner was convicted by a jury in July 1998. *United States v. Seabrookes*, No. 97-0485 (D.N.J. Oct. 16, 1998).[2] The sentencing court imposed a life sentence. *Ibid.* Petitioner appealed to the United States Court of Appeals for the Third Circuit, and that court affirmed the conviction and sentence on August 31, 1999. *United States v. Seabrookes*, No. 98-6384 (3d Cir. Aug. 31, 1999) (unpublished). The United States Supreme Court denied a writ of certiorari on January 10, 2000. *Seabrookes v. United States*, 528 U.S. 1092 (2000).

Petitioner thereafter filed a timely motion under 28 U.S.C. § 2555. Petitioner raised two grounds for relief in that motion, "object[ing] to the fact that the District Court judge, and not the jury, determined the quantity of drugs upon which his sentence was based [and] that he was denied the effective assistance of counsel in violation of the Sixth Amendment." *Seabrookes v. United States*, No. 01-0054, slip op. at 3-4

---

[2] *See* 28 U.S.C. § 2255 Rule 4(b) (permitting examination of "the record of prior proceedings" in the court's initial review). "[A] court may take judicial notice of a prior judicial opinion." *McTernan v. City of York*, 577 F.3d 521, 525 (3d Cir. 2009).

2

(D.N.J. Dec. 29, 2003). He argued his trial counsel was ineffective for failing to obtain telephone records that would have allegedly shown he had not contacted two women, who ultimately testified for the United States, in order to ask them to move drugs on January 3, 1997. *Id.* at 9. The Honorable Jose L. Linares, D.N.J., denied the motion on the merits on December 29, 2003, and denied a certificate of appealability on February 9, 2004. The Third Circuit also denied a certificate of appealability. *Seabrookes v. United States*, No. 04-1071 (3d Cir. June 27, 2005) (unpublished).

Over two years later, Petitioner filed a motion in his criminal case for the production of documents seeking an order that would require the United States to turn over telephone records from the witnesses' homes and the New Hanover County Jail, where he had been incarcerated on January 3, 1997. Motion for Production of Documents, *United States v. Seabrookes*, No. 97-0485 (D.N.J. Dec. 20, 2007). This Court denied that motion on March 14, 2008, as Petitioner's judgment of conviction was final.

A year after that, Petitioner filed a motion for resentencing due to the amendment of the sentencing guidelines and the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). Motion for Resentencing, *United States v. Seabrookes*, No. 97-0485 (D.N.J. Mar. 23, 2008). The Court

3

appointed counsel to look into the matter for Petitioner, but ultimately denied the motion. The Court noted that Petitioner's *Blakely* argument failed because *Blakely* and the subsequent *Booker*[3] decision were not applicable to cases on collateral review. *United States v. Seabrookes*, No. 97-485, 2010 WL 2554000, at *1 (D.N.J. June 21, 2010). The Court also found that the motion was time-barred under 28 U.S.C. § 2255(f), and barred as a second or successive petition under § 2255(h). *Ibid.* Petitioner's motion for a sentence reduction under the amendments to the Sentencing Guidelines was denied as the amendments did not change the base offense level or the final offense level. *Ibid.* The Court did, however, permit appointed counsel to investigate Petitioner's claims of newly discovered evidence.[4] *Id.* at *2. Petitioner filed another motion for the application of the amendments to the sentencing guidelines on October 26, 2011, which was denied by this Court on March 13, 2012. Petitioner's appeal of that motion was dismissed by the Third Circuit for lack of jurisdiction. *Seabrookes v. United States*, No. 12-2017 (3d Cir. Aug. 28, 2012).

---

[3] *United States v. Booker*, 543 U.S. 220 (2005).
[4] Neither counsel nor Petitioner contacted the Court regarding a claim of newly discovered evidence until the filing of this motion. It is unknown whether the "newly discovered evidence" in this motion is the same evidence that Petitioner discussed with counsel in 2010.

4

On August 28, 2015, Petitioner filed his third § 2255 motion in this Court along with a motion for the appointment of counsel. (Docket Entries 1 and 2). The Court administratively terminated the petition for failure to use the most current § 2255 form provided by the Clerk's Office. (Docket Entry 3). Petitioner resubmitted his motion on the proper form and certified under penalty of perjury that he has been notified of the requirement that he include all the grounds for relief in his motion as he may be barred from presenting additional grounds at a later date. (Motion, Docket Entry 4 at 15). The Court thereafter reopened the matter for review.

Petitioner raises three grounds for relief: (1) "The Government and state courts, knowingly withled [sic] exculpatory evidence, such as the phone records from, the New Hanover County Jail, 313 Greendale Drive, and 2502 Flint Drive, Wilm., N.C., and allowed key witnesses . . . to testify falsely at trial" (*id.* at 5); (2) ineffective assistance of appellate counsel for failure to obtain the phone records, (*id.* at 6), and; (3) "Petitioner should be resentenced based on the new amendment to sentencing guidelines." (*id.* at 8). Petitioner argues his motion should not be barred under the one-year statute of limitations due to the alleged withholding of exculpatory material by the Government in spite of his repeated efforts to obtain the phone records. (*Id.* at 13).

### III. STANDARD OF REVIEW

Petitioner brings this Petition for a Writ of Habeas Corpus as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721-22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

A federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2255 Rule 4.

### IV. DISCUSSION

This is petitioner's third motion pursuant to § 2255 before the Court; his first motion pursuant to § 2255 was denied on the merits by Judge Linares. *Seabrookes v United States*, No. 01-00054 (D.N.J. Dec. 29, 2003). The United States Court of Appeals for the Third Circuit affirmed the Court's order and denied a certificate of appealability for the reasons expressed by Judge Linares. *Seabrookes v. United States*, No. 04-1071 (3d Cir. June 9, 2005).

> Section 2255 requires that
>
> [a] second or successive motion must be certified ... by a panel of the appropriate court of appeals to contain-
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). As Petitioner notes, it has been his position since trial that the Government was withholding the complete January 1997 phone records. (Motion at 13). Petitioner could have raised his *Brady/Giglio*[5] argument prior to this motion; this petition is therefore a second or successive motion. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005) (Second or successive doctrine bars claims "that could have been raised in an earlier habeas corpus petition").

Before this Court may consider a second or successive petition, Petitioner must obtain an order from the Third Circuit authorizing this Court to consider his motion. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2255 Rule 9. As Petitioner has not obtained such an order, this Court must either dismiss the motion or

---

[5] *Giglio v. United States*, 405 U.S. 150 (1972); *Brady v. Maryland*, 373 U.S. 83 (1963).

transfer it to the Third Circuit. *See United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015).

Sections 2255(h) permits the certification of a second or successive motion only where the claim is based on newly discovered evidence that, if proven, would be "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or is based on "a new rule of constitutional rule, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Petitioner alleges that the newly discovered phone records would demonstrate the two witnesses testified falsely at trial. However, "mere impeachment evidence is generally not sufficient to show actual innocence by clear and convincing evidence." *Munchinski v. Wilson*, 694 F.3d 308, 335 (3d Cir. 2012) (citing *Sawyer v. Whitley*, 505 U.S. 333, 349 (1992)). As Judge Linares noted in Petitioner's first § 2255 motion, "Petitioner was convicted as a result of the overwhelming evidence brought forth against him, of which the [witnesses'] testimony was but one part." *Seabrookes v. United States*, No. 01-0054, slip op. at 10 (D.N.J. Dec. 29, 2003). The Court finds that it is not in the interests of justice to transfer the motion to the Third Circuit as it does not appear Petitioner can satisfy the requirements of § 2255(h).

However, this Court's decision to not transfer the case does not prevent Petitioner seeking permission from the Third Circuit on his own.[6] As the Court lacks jurisdiction over the motion, Petitioner's motion for the appointment of counsel is dismissed as moot.

An appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255 unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). The United States Supreme Court held in *Slack v. McDaniel* that "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the motion as second or successive is correct.

---

[6] The Court also notes that a motion for resentencing based on amendments to the Guidelines is not appropriately brought in a § 2255 motion. Petitioner must file a motion under 18 U.S.C. § 3582(c)(2) in his criminal case in order to raise this argument.

9

**V.    CONCLUSION**

Based on the foregoing, this Court will dismiss the petition for lack of jurisdiction, and a certificate of appealability shall not issue. An accompanying Order will be entered.

/s/ _____        _____
Date                                WILLIAM H. WALLS
                                    Senior U.S. District Judge